# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00120-RJC-DSC

| | |
|---|---|
| SHARON THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, et al., )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on the "Motion to Dismiss by Defendants Orange County Government, Orange County Department of Social Services, Dustin Lowell and Denise Shaffer" Doc. 7, the "Motion to Dismiss by Defendants Vanguard Professional Staffing and Susan Boyette," Doc. 11, and the parties' associated briefs and exhibits. See Docs. 8, 12, 18-21, 23-27.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration. The Court has carefully examined the record, the parties' arguments, and the applicable authorities. For the following reasons, the Court will allow Plaintiff to file an amended complaint in this Court.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2015, pro se Plaintiff Sharon Thomas filed her initial Complaint in Mecklenburg County Superior Court. On February 27, 2015, Plaintiff filed an Amended Complaint in Mecklenburg County Superior Court, which was delivered to Defendant Vanguard by certified mail on March 6, 2015 and later delivered to Defendant Boyette. See Doc. 23 at 1.

On March 11, 2015, Defendants Orange County Government, Orange County Department of Social Services, Duston Lowell, and Denise Shaffer (the "Orange County Defendants") timely removed Plaintiff's initial Complaint to this Court.[1] On March 18, 2015, the Orange County Defendants filed a Motion to Dismiss Plaintiff's initial Complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. On March 27, 2015, Defendants Vanguard and Boyette timely responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On June 17, 2015, this Court ordered Defendants to file supplemental briefs addressing which of Plaintiff's Complaints was properly before the Court. See Doc. 22. On July 1, 2015, Defendants Vanguard and Boyette filed their supplemental brief stating that "Plaintiff filed an Amended Complaint, which was delivered to Vanguard by certified mail on March 6, 2015 and later also delivered to Boyette." Doc. 23 at 1. They attached Plaintiff's Amended Complaint as an exhibit to their brief. See id. They requested that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint. Id. at 2. On July 2, 2015, the Orange County Defendants filed their supplemental brief stating that they "have not been properly served with a copy of Plaintiff's Amended Complaint." Doc. 24 at 2. They requested that "the Court direct Plaintiff to file her Amended Complaint with this Court so that this may be properly served on the Orange County Defendants." Id. at 3.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v.

---

[1] Plaintiff acknowledged that Defendants were served on February 9, 2015. See Doc. 26 at 2. Consequently, Defendants removal on March 11, 2015 was timely.

Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The outright dismissal of pro se complaints is not favored where the defects may be cured by amendment. McLean v. United States, 566 F.3d 391, 400 (4th Cir.2009). Accordingly, the Court will allow Plaintiff to file an amended complaint within thirty (30) days of the filing date of this Order.

The Court warns Plaintiff that her failure to comply with the Court's Orders, including the Local Rules and the Federal Rules of Civil Procedure, may result in **DISMISSAL OF HER CLAIMS WITH PREJUDICE**.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Consequently, the Court finds that Defendants' Motions to Dismiss are moot.

IT IS HEREBY ORDERED that

1.  Plaintiff shall file her amended complaint within thirty (30) days of this Order.
2.  The "Motion to Dismiss by Defendants Orange County Government, Orange County Department of Social Services, Dustin Lowell and Denise Shaffer" Doc. 7, and "Motion to Dismiss by Defendants Vanguard Professional Staffing and Susan Boyette," Doc. 11, are administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: September 3, 2015

David S. Cayer
United States Magistrate Judge