# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00120-RJC-DSC

| | |
|---|---|
| SHARON THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | **ORDER** |
| THE STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the "Motion to Dismiss Plaintiff's Amended Complaint by Defendants Orange County Government, Orange County Department of Social Services, Dustin Lowell and Denise Shaffer" Doc. 38, "Defendants Vanguard Professional Staffing and Susan Boyette's Motion to Dismiss Plaintiff's Amended Complaint," Doc. 37, "The State of North Carolina's Motion to Dismiss," Doc. 44, Plaintiff's "Motion for Stay of All Civil Claims and Proceedings," Doc. 51, Plaintiff's "Continued Motion for Stay of All Civil Claims and Proceedings," Doc. 54, and the parties' associated briefs and exhibits. See Docs. 39, 46, 52, 53, 57 and 58.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration. Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u> and Plaintiff's Motions for Stay be <u>denied</u>, as detailed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiff Sharon Thomas alleges that she was employed by Vanguard Professional Staffing and assigned to an unspecified position with the Orange County Government Department of Social Services from June 30, 2008 through September 12, 2008. She alleges that on or about September 18, 2008, Zaconjia C. Titus emailed a complaint against her to Defendants Susan Boyette and Denise Shaffer as well as other unknown recipients. Plaintiff alleges that the email accused her of "unlawful, criminal and unethical actions and behavior" and that such accusations were false and damaging. Doc. 35 at 4. Plaintiff further alleges that the complaint was disseminated as substantiated and true and became publicly accessible as a court record.

On January 29, 2015, Plaintiff filed her initial Complaint in Mecklenburg County Superior Court. On March 11, 2015, Defendants Orange County Government, Orange County Department of Social Services, Duston Lowell, and Denise Shaffer (the "Orange County Defendants") timely removed the action to this Court. On September 3, 2015, the undersigned entered an Order allowing Plaintiff to file an amended Complaint within thirty days of the Order. Plaintiff filed her Amended Complaint on October 2, 2015. Doc. 35.

Plaintiff's Amended Complaint alleges seven claims for relief: four claims for Libel per se/Slander per se; Reckless Disregard-Malice; Intentional Infliction of Emotional Distress; and Negligent Infliction of Emotional Distress. Plaintiff includes the heading "Exhaustion of Administrative Remedies" after her claims for relief. She states that "[she] went to the EEOC to file a discrimination and harassment charges against the above mentioned Defendants. Plaintiff has an active complaint pending in the U.S. Department of Civil Rights…This complaint is to

preserve Plaintiff's claims against repetitive libel and slander, negligence and intentional and negligent intentional infliction of emotional distress." Id. at 9-10.

On October 16, 2015, Defendants Vanguard Professional Staffing and Susan Boyette filed their Motion to Dismiss. Doc. 37. On November 2, 2015, the Orange County Defendants filed their Motion to Dismiss. Doc. 38. On November 18, 2015, Defendant State of North Carolina filed its Motion to Dismiss. Doc. 44. In her Response to these Motions to Dismiss, Plaintiff included two Motions to Stay. Doc. 51 and 54. The Motions are now ripe for review.

## II. STANDARD OF REVIEW

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction may be raised at any time and is properly considered on a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion rests with the

plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

Federal jurisdiction generally arises from (1) a federal question or (2) diversity of citizenship. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986). "The general diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996). In addition, the amount in controversy must exceed $75,000 for federal diversity jurisdiction. 28 U.S.C. § 1332(a).

Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895)). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." In re Bulldog Trucking, 147 F.3d 347, 352 (4th Cir. 1998); see

also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Amended Complaint fails to establish this Court's jurisdiction on either federal question or diversity grounds. Plaintiff does not assert a cause of action involving any federal question or statute. The Amended Complaint alleges that her EEOC charges are pending and that the purpose of this action is to preserve her claims against repetitive libel and slander, negligence and intentional and negligent intentional infliction of emotional distress. Doc. 35. These are state tort claims not "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In her response brief Plaintiff repeats that "EEOC Charge 430-2015-00803 against UNC School of Medicine/UNC Horizon, and 430-2015-00784 against Orange County Department of Social Services, Orange County government of employment discrimination and harassment and retaliation are still pending and has been assigned to an investigator, after the defendants refused to mediate." Doc. 53 at ¶ 10. She also states that EEOC Charge 430-2015-00802 against Vanguard Professional Staffing is being investigated. Doc. 54 at ¶ 2.

Since Plaintiff's claims arise under state law and she has not exhausted her administrative remedies with regard to her discrimination claims, the only possible basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a). A case falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).

Diversity jurisdiction is also lacking here. Although Plaintiff states in her Amended Complaint that "complete diversity of citizenship exist between the parties and the matter in

controversy exceeds the sum of $75,000 exclusive of cost and interest", this is contradicted by the fact that all parties' addresses listed in Plaintiff's Amended Complaint are within the state of North Carolina. See Doc. 35 at 2-3. There are no allegations that any parties are residents of different states.

Since there is no federal question or diversity of citizenship present here, the Court lacks subject matter jurisdiction and the undersigned respectfully recommends that Defendants' Motions to Dismiss be GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1) and that Plaintiff's Motions to Stay be DENIED.

## IV. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## V. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the "Motion to Dismiss Plaintiff's Amended Complaint by Defendants Orange County Government, Orange County Department of Social Services, Dustin Lowell and Denise Shaffer" Doc. 38, "Defendants Vanguard Professional Staffing and Susan Boyette's Motion to Dismiss Plaintiff's Amended Complaint," Doc. 37, and "The State of North Carolina's Motion to Dismiss," Doc. 44, be **GRANTED** and Plaintiff's Complaint be **DISMISSED**. Additionally, the undersigned respectfully recommends that Plaintiff's "Motion for Stay of All Civil Claims and Proceedings," Doc. 51, and Plaintiff's "Continued Motion for Stay of All Civil Claims and Proceedings," Doc. 54, be **DENIED**.

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: February 18, 2016

David S. Cayer
United States Magistrate Judge